UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

Luis F. Ovalle
and other similarly situated individuals,

      Plaintiff(s),

v.

Lion Pavers Construction LLC,
and Jose Bandeira, individually,

      Defendants,

_____/

## <u>COLLECTIVE ACTION COMPLAINT</u>
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Luis F. Ovalle, and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Defendants Lion Pavers Construction LLC, and Jose Bandeira, individually, and alleges:

<u>Jurisdiction Venues and Parties</u>

1. This is an action to recover money damages for unpaid regular and overtime wages and retaliation under the United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Luis F. Ovalle is a resident of Sarasota County, Florida. Plaintiff is a covered employee for purposes of the Act.

3. Defendant Lion Pavers Construction LLC (from now on Lion Pavers, or Defendant) is a Florida corporation, having a place of business in Sarasota County, within this Court Jurisdiction. At all times material, Defendant was and is engaged in interstate commerce.

4. The individual, Defendant Jose Bandeira, was and is now the owner/partner/officer and operator of Defendant Corporation Lion Pavers. This individual Defendant was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

5. All the actions raised in this Complaint took place in Sarasota County, Florida, within this Court's jurisdiction.

<u>General Allegations</u>

6. This cause of action is brought by Plaintiff Luis F. Ovalle as a collective action to recover from the Defendants regular wages and overtime compensation, retaliatory liquidated damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during

one or more weeks on or after September 2020, (the "material time") without being adequately compensated.

7. Defendant Lion Pavers is a construction company specializing in commercial and residential paving projects. Defendant Lion Pavers is also a supplier of paving materials. Defendant maintains a place of business at 2258 S. Tamiami Trail, South Venice, FL 34239 6205 Lake Wilson Road, Davenport, FL 33896, where Plaintiff worked.

8. Defendants Lion Pavers and Jose Bandeira employed Plaintiff Luis F. Ovalle as a non-exempted, full-time, hourly employee from September 09, 2020, to December 02, 2021, or 65 weeks.

9. Plaintiff had duties as a construction laborer. Plaintiff had a regular schedule, and he worked a minimum of 40 hours weekly.

10. Plaintiff was paid a daily wage rate of $200.00 an hour.

11. However, during his employment with Defendants, there was a period in which Plaintiff worked overtime hours without receiving proper compensation.

12. From July 20, 2021, to December 02, 202, or 19 weeks, Plaintiff worked seven days per week. Plaintiff worked from 7:30 AM to 6:00 PM (10.5 hours daily) from Monday to Saturday. On Sundays, Plaintiff worked from 8:00 AM to

5:00 PM (9 Hours), Plaintiff worked a total of 65 hours weekly (Plaintiff has already deducted 7 hours of lunchtime).

13. In this period, Plaintiff worked 25 overtime hours, but he was not paid for overtime hours, as required by law.

14. Plaintiff did not clock in and out, but Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals.

15. Therefore, Defendants willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

16. Plaintiff was paid weekly strictly in cash, without paystubs or any record providing basic information such as the number of days and hours worked, wage rate paid, employee taxes withheld, etc.

17. On or about November 20, 2021, Plaintiff complained with Defendants because he had not received his wages on the payment day. Plaintiff continued working. On November 27, 2021, Plaintiff repeated his complaint about unpaid wages.

18. On or about December 02, 2021, Plaintiff complained again. This time Plaintiff talked to the secretary,  and he was told that the owner of the business was out of the country and nobody knew about his unpaid wages.

Plaintiff also asked about his work assignments and work schedule, and he was told that there was no more work for him, and that they did not have any money for him.

19. Consequently, on or about December 02, 2021, Defendants fired Plaintiff because he was complaining about unpaid wages, but they did not paid Plaintiff his overdue regular wages.

20. There is a substantial number of working hours that were not paid to Plaintiff at any rate, not even at the minimum wage rate as required by law.

21. Therefore, Defendants willfully failed to pay Plaintiff minimum wages too. Defendants violated the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

22. Plaintiff Luis F. Ovalle seeks to recover three weeks of regular wages, 25 unpaid overtime hours weekly for every week he worked overtime hours for Defendants, retaliatory damages, liquidated damages, and any other relief as allowable by law.

<u>Collective Action Allegations</u>

23. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

24. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for regular hours and overtime

compensation for every overtime hour worked at the rate of time and one-half their regular rate.

25. This action is intended to include every construction laborer, paver installer, and any similarly situated individuals who worked for Defendants at any time during the past three (3) years.

### COUNT I:
### WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
### FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

26. Plaintiff Luis F. Ovalle re-adopts every factual allegation stated in paragraphs 1-37 above as if set out in full herein.

27. Defendant Lion Pavers was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). Defendant is a construction company and paving materials supplier. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering product and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

28. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff was a construction employee. In addition, Plaintiff handled and worked with goods and materials that were moved in interstate commerce at any time during the business. Therefore, there is individual coverage.

29. Defendants Lion Pavers and Jose Bandeira employed Plaintiff Luis F. Ovalle as a non-exempted, full-time, hourly employee construction laborer from September 09, 2020, to December 02, 2021, or 65 weeks.

30. Plaintiff was paid a daily wage rate of $200.00 an hour.

31. However, during his employment with Defendants, there was a period in which Plaintiff worked overtime hours without receiving proper compensation.

32. From July 20, 2021, to December 02, 202, or 19 weeks, Plaintiff worked seven days per week. Plaintiff worked from 7:30 AM to 6:00 PM (10.5 hours daily) from Monday to Saturday. On Sundays, Plaintiff worked from 8:00 AM to 5:00 PM (9 Hours), Plaintiff worked a total of 65 hours weekly (Plaintiff has already deducted 7 hours of lunchtime).

33. In this period, Plaintiff worked 25 overtime hours weekly, but he was not paid for overtime hours, as required by law.

34. Plaintiff did not clock in and out, but Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals, and they knew about the number of hours that Plaintiff was working for Defendants.

35. Therefore, Defendants willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

36. Plaintiff was paid weekly strictly in cash, without paystubs or any record providing basic information such as the number of days and hours worked, wage rate paid, employee taxes withheld, etc.

37. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of Defendants. However, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief.

38. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

39. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage

payments. Accordingly, Defendants violated the Posting requirements of 29 USC § 516.4.

40. Plaintiff is not in possession of time and payment records, but he will provide a reasonable good faith estimate based on his recollections and the best of his knowledge. After discovery, Plaintiff will amend his statement of claim.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

        Five Thousand One Hundred Six Dollars and 25/100 ($5,106.25)

    b. <u>Calculation of such wages</u>:

        Total period of employment: 65 weeks
        Relevant weeks of employment:  19 weeks
        Total hours worked: 65 hours weekly
        Total unpaid O/T hours:  25 overtime hours weekly
        Wage rate: $200.00 daily x 7=$1,400.00 weekly
        Paid weekly $1,400.00:65 hours=$21.50
        Regular rate: $21.50 x 1.5=$32.25  O/T rate
        O/T rate $32.25-$21.50 rate paid=$10.75
        Half-time O/T difference: $10.75 half-time O/T

        $10.75 x 25 O/T hours=$268.75 weekly x 19 weeks=$5,106.25

    c. <u>Nature of wages (e.g., overtime or straight time)</u>:

        This amount represents unpaid overtime wages.

41. At all times material hereto, the Employers/Defendants failed to comply with Title 29 USC §207 (a) (1), in that Plaintiff and those similarly situated performed services and worked more than the maximum hours provided

by the Act. Still, the Defendants made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

42. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

43. At times mentioned, individual Defendant Jose Bandeira was, and is now, the owner/partner/manager of Lion Pavers. Defendant Jose Bandeira was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. This individual Defendant acted directly in Lion Pavers's interests concerning its employees, including Plaintiff and others similarly situated. Defendant Jose Bandeira had financial and operational control of the business determined Plaintiff's terms and conditions of employment. Accordingly, he is jointly and severally liable for Plaintiff's damages.

44. Defendants Lion Pavers and Jose Bandeira willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his

regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

45. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Luis F. Ovalle and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff Luis F. Ovalle and other similarly situated individuals and against the Defendants Lion Pavers and Jose Bandeira based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Luis F. Ovalle actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just

and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Luis F. Ovalle demands trial by a jury of all issues triable as of right by a jury.

**COUNT II:**
**F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION:**
**FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS**

46. Plaintiff re-adopts every factual allegation stated in paragraphs 1-37 of this Complaint as if set out in full herein.

47. Defendant Lion Pavers was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). Defendant is a construction company and paving materials supplier. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering product and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

48. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff was a construction employee. In addition, Plaintiff handled and worked with goods and materials that were moved in interstate commerce at any time during the business. Therefore, there is individual coverage.

49. This action is brought by Plaintiff to recover from the Employer unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206. U.S.C. §206 states, "Every Employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

 (1) except as otherwise provided in this section, not less than—

     (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

     (B) $6.55 an hour, beginning 12 months after that 60th day; and

      (C) $7.25 an hour, beginning 24 months after that 60th day.

50. Defendants Lion Pavers and Jose Bandeira employed Plaintiff Luis F. Ovalle as a non-exempted, full-time, hourly employee construction laborer from September 09, 2020, to December 02, 2021, or 65 weeks.

51. Plaintiff was paid a daily wage rate of $200.00 an hour.

52. However, during his employment with Defendants, there was a period in which Plaintiff worked many hours without receiving proper compensation.

53. From July 20, 2021, to December 02, 2021, or 19 weeks, Plaintiff worked seven days per week. Plaintiff worked from 7:30 AM to 6:00 PM (10.5 hours daily) from Monday to Saturday. On Sundays, Plaintiff worked from 8:00 AM to 5:00 PM (9 Hours), Plaintiff worked a total of 65 hours weekly (Plaintiff has already deducted 7 hours of lunchtime).

54. On or about November 20, 2021, Plaintiff complained because he did not receive his regular wages. Plaintiff complained again, on or about November 27, 2021, and December 02, 2021. As a result of Plaintiff's complaints, Defendants fired Plaintiff.

55. At the time o his termination, Defendants refused to pay Plaintiff for his last three weeks of employment.

56. There is a substantial number of working hours that were not paid to Plaintiff at any rate, not even at the minimum wage rate as required by law.

57. Plaintiff did not clock in and out, but Defendants were able to monitor the hours worked by Plaintiff and other similarly situated individuals.

58. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

59. Plaintiff was paid weekly strictly in cash, without paystubs or any record providing basic information such as the number of days and hours worked, wage rate paid, employee taxes withheld, etc.

60. The records, if any, concerning the number of hours worked by Plaintiff and all other employees and the compensation paid to such employees should be in possession and custody of Defendants. However, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other similarly situated individuals upon information and belief. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

61. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

62. Prior to the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid wages is as follows:

*Please note that this amount is based on preliminary calculations, and these figures could be subject to modifications as discovery could dictate. Florida's minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

    a.  <u>Total amount of alleged unpaid wages</u>:

        One Thousand Nine Hundred Fifty Dollars and 00/100 ($1,950.00)

    b.  <u>Calculation of such wages</u>:

        Total period of employment:  65 weeks
        Total relevant weeks: 3 weeks
        Total number of unpaid weeks: 3 weeks
        Total hours worked: 65 hours weekly
        Rate paid:  $21.54 an hour
        Florida minimum wage 2022:  $10.00

        Min. wage $10.00 x 65 hours= $650.00 weekly x 3 week=$1,950.00

    c.  <u>Nature of wages</u>:

        This amount represents unpaid minimum wages at the Florida minimum wage rate.

63. Defendants unlawfully failed to pay minimum wages to Plaintiff. Plaintiff seeks to recover for minimum wages violations accumulated during his relevant time of employment.

64. Defendants knew and showed reckless disregard about the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these minimum wages.

65. At times mentioned, individual Defendant Jose Bandeira was, and is now, the owner/partner/manager of Lion Pavers. Defendant Jose Bandeira was

the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. This individual Defendant acted directly in Lion Pavers's interests concerning its employees, including Plaintiff and others similarly situated. Defendant Jose Bandeira had financial and operational control of the business determined Plaintiff's terms and conditions of employment. Accordingly, he is jointly and severally liable for Plaintiff's damages.

66. Defendants Lion Pavers and Jose Bandeira willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States and remain owing Plaintiff these minimum wages as set forth above.

67. Plaintiff has retained the law offices of the undersigned attorney to represent him individually and on behalf of the asserted class and incurred attorney's fees and costs in bringing this action. Pursuant to 29 U.S.C § 216 (b), Plaintiff is entitled to recover reasonable attorney's fees and costs.

<u>PRAYER FOR RELIEF</u>

Wherefore, Plaintiff Luis F. Ovalle respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff Luis F. Ovalle and against the Defendants Lion Pavers and Jose Bandeira based on Defendants' willful violations of

the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal

Regulations; and

B.  Award Plaintiff actual damages in the amount shown to be due for

unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated

damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just

and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff Luis F. Ovalle and those similarly situated demand trial by a jury of all

issues triable as of right by a jury.

**<u>COUNT III:</u>**
**<u>FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE;</u>**
**<u>PURSUANT TO 29 USC 215(a)(3)</u>**

68. Plaintiff Luis F. Ovalle re-adopts every factual allegation stated in

paragraphs 1-37 of this Complaint as if set out in full herein.

69. Defendant Lion Pavers was and is engaged in interstate commerce as

defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A).

Defendant is a construction company and paving materials supplier.

Defendant had more than two employees recurrently engaged in commerce

or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering product and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

70. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff was a construction employee. In addition, Plaintiff handled and worked with goods and materials that were moved in interstate commerce at any time during the business. Therefore, there is individual coverage.

71. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

72. 29 USC § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

73. 29 U.S.C. § 206 (a) (1) states, "….an Employer must pay a minimum wage of $5.15/hr. to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

74. Likewise, 29 USC 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

75. Defendants Lion Pavers and Jose Bandeira employed Plaintiff Luis F. Ovalle as a non-exempted, full-time, hourly employee from September 09, 2020, to December 02, 2021, or 65 weeks.

76. Plaintiff had duties as a construction laborer. Plaintiff had a regular schedule, and he worked a minimum of 40 hours weekly.

77. Plaintiff was paid a daily wage rate of $200.00 an hour.

78. However, during his employment with Defendants, there was a period in which Plaintiff worked overtime hours without receiving proper compensation.

79. From July 20, 2021, to December 02, 202, or 19 weeks, Plaintiff worked seven days per week. Plaintiff worked from 7:30 AM to 6:00 PM (10.5 hours daily) from Monday to Saturday. On Sundays, Plaintiff worked from 8:00 AM to

5:00 PM (9 Hours), Plaintiff worked a total of 65 hours weekly (Plaintiff has already deducted 7 hours of lunchtime).

80. In this period, Plaintiff worked 25 overtime hours, but he was not paid for overtime hours, as required by law.

81. Plaintiff did not clock in and out, but Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals.

82. Therefore, Defendants willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

83. Plaintiff was paid weekly strictly in cash, without paystubs or any record providing basic information such as the number of days and hours worked, wage rate paid, employee taxes withheld, etc.

84. On or about November 20, 2021, Plaintiff complained with Defendants because he had not received his wages on the payment day. Plaintiff continued working.

85. On November 27, 2021, Plaintiff repeated his complaint about unpaid wages.

86. These complaints constituted protected activity under the FLSA.

87. However, on or about December 02, 2021, Plaintiff complained again. This time Plaintiff talked to the secretary,  and he was told that the owner of the business was out of the country and nobody knew about his unpaid wages. Plaintiff also asked about his work assignments and work schedule, and he was told that there was no more work for him, and they did not have any money for him.

88. Consequently, on or about December 02, 2021, Defendants fired Plaintiff because he was complaining about unpaid wages.

89. At the time of his termination, Defendants refused to pay Plaintiff for his last three weeks of employment.

90. There is a substantial number of working hours that were not paid to Plaintiff at any rate, not even at the minimum wage rate as required by law.

91. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq., also.

92. At the time of his termination, Plaintiff was performing the essential functions of his position satisfactorily. There was no other reason than retaliation to fire him.

93. There is close proximity between Plaintiff's protected activity and his termination.

94. The motivating factor which caused Plaintiff's discharge as described above was his complaints seeking regular and overtime unpaid overtime wages from Defendants. In other words, Plaintiff would not have been discharged but for his complaint about unpaid wages.

95. The Defendants' termination of Plaintiff was in direct violation of 29 USC 215 (a)(3) and, as a direct result, Plaintiff has been damaged.

96. At times mentioned, individual Defendant Jose Bandeira was, and is now, the owner/partner/manager of Lion Pavers. Defendant Jose Bandeira was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. This individual Defendant acted directly in Lion Pavers's interests concerning its employees, including Plaintiff and others similarly situated. Defendant Jose Bandeira had financial and operational control of the business determined Plaintiff's terms and conditions of employment. Accordingly, he is jointly and severally liable for Plaintiff's damages.

97. Plaintiff Luis F. Ovalle has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<u>Prayer For Relief</u>

Wherefore, Plaintiff Luis F. Ovalle respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants Lion Pavers and Jose Bandeira that Plaintiff Luis F. Ovalle recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 USC § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants Lion Pavers and Jose Bandeira to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff Luis F. Ovalle further prays for such additional relief as the interests of justice may require.

<u>Demand for a Jury Trial</u>

Plaintiff Luis F. Ovalle demands trial by a jury of all issues triable as of right by a jury.

Dated:  March 24, 2022

Respectfully submitted,

By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone:       (305) 446-1500
Facsimile:       (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*