UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LUIS F. OVALLE,

    **Plaintiff,**

v.                                                         Case No. 8:22-cv-692-KKM-AAS

LION PAVERS CONSTRUCTION, LLC
and JOSE BANDIERA,

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Luis F. Ovalle[1] moves for default judgment on his overtime and minimum-wage claims under the Fair Labor Standards Act (FLSA). (Doc. 20). Mr. Ovalle argues he is entitled to $5,106.25 in unpaid overtime, $1,950.00 in unpaid minimum wages, $24,800.00 in lost wages, $31,856.25 in liquidated damages, and $5,377.00 in attorney's fees and costs. It is **RECOMMENDED** Mr. Ovalle's motion be **GRANTED in part**.

---

[1] The opening statement of this motion reads "Plaintiff, *Jose Reyes*, . . . moves for entry of Default Judgment against the Defendants." (Doc. 20, p. 1). Given no plaintiff named Jose Reyes has entered this litigation, the motion only refers to allegations raised by Mr. Ovalle (the sole named plaintiff in this dispute), and the motion includes an affidavit of support from Mr. Ovalle (*see* (Doc. 20, Ex. 1)), this report presumes scrivener's error and considers the motion.

1

I.  **BACKGROUND**[2]

Lion Pavers Construction, LLC (Lion Pavers) is a construction company in Sarasota, Florida owned and operated by Jose Bandeira. (Doc. 1, ¶ 3–4). From September 2020 to December 2021, Mr. Ovalle worked for Lion Pavers as a construction laborer. (*Id.* at ¶ 9). Mr. Ovalle worked approximately 65 hours a week for a daily wage of $200 a day. (*Id.* at ¶ 8–13; Doc. 20, Ex. 1, ¶ 10).

Mr. Ovalle claims he was not paid overtime wages for his 25 hours per week of overtime work. (Doc. 1, ¶ 14–15). Mr. Ovalle thus claims the defendants violated the FLSA and Florida's Minimum Wage Act (FMWA) for failing to pay his overtime every week he worked more than forty hours. (Doc. 1, pp. 6–12). Mr. Ovalle's complaint also alleges the defendants failed to pay Mr. Ovalle minimum wage for certain weeks of his employment and retaliatorily discharged him for complaining about his wages. (*Id.* at 12–24). He also seeks a judgment for attorney's fees. (*Id.*).

Mr. Ovalle served the defendants and later moved for entry of Clerk's default after the defendants failed to plead or otherwise defend against his claims. (Doc. 8). The Clerk entered default, and Mr. Ovalle then moved for

---

[2] The defaulting party admits well-pleaded allegations in the complaint. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (citation omitted). So, this report's "Background" section is partially based on well-pleaded allegations in Mr. Ovalle's complaint (Doc. 1).

default judgment under Federal Rule of Civil Procedure 55(b). (Doc. 11).

**II.   ANALYSIS**

A defendant who defaults is deemed to have admitted all well-pleaded allegations of fact in a complaint. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (*quoting Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (internal quotation marks omitted)). A court may enter a default judgment against a party who has failed to respond to a complaint, assuming the complaint provides a sufficient basis for the judgment entered. Fed. R. Civ. P. 55(b)(2); *Surtain v. Hamlin Terrace Foundation*, 789 F.3d 1239, 1245 (11th Cir. 2015) (internal citation omitted). Complaints need not contain detailed factual allegations, but there must be "more than an unadorned, the defendant-unlawfully harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

   **A.   Minimum-Wage Compensation**

Employers must pay their employees an hourly minimum wage of $7.25. 29 U.S.C. § 206(a)(1)(C). Under the FLSA, employers must pay their employees an hourly minimum wage of $7.25. 29 U.S.C. § 206(a)(1)(C). A plaintiff seeking unpaid minimum wages under the FLSA must establish: (1) the defendant employed the plaintiff; (2) the plaintiff engaged in interstate commerce or the defendant was an enterprise engaged in interstate commerce; and (3) the defendant failed to pay the plaintiff the applicable minimum wage.

*Wallace v. The Kiwi Grp., Inc.*, 247 F.R.D. 679, 682 (M.D. Fla. 2008) (citation omitted).

Mr. Ovalle contends the defendants employed him full-time as a construction laborer. (Doc. 1, ¶ 9). In addition, Mr. Ovalle asserts the defendants were engaged in interstate commerce during his employment. (*Id.* at ¶ 8).

In his affidavit, Mr. Ovalle states the defendants failed to compensate Mr. Ovalle for his work from November 13, 2021 to December 2, 2021. (Doc. 20, Ex. 1, ¶ 18–19). Mr. Ovalle also states he worked sixty-five hours a week for the three weeks the defendants failed to compensate Mr. Ovalle. (*Id.* at ¶ 17). Mr. Ovalle worked 120[3] non-overtime hours between from November 13, 2021 to December 2, 2021. Though the federal minimum wage[4] is much less than his daily wage of $200 a day, he was paid no wage for the hours he worked from November 13, 2021 to December 2, 2021. He should therefore be awarded $870.00[5] in unpaid minimum-wage compensation for the time between

---

[3] 40 (non-overtime hours) x 3 (weeks worked) = 120 (non-overtime hours worked)

[4] Mr. Ovalle's motion erroneously calculates Mr. Ovalle's unpaid minimum wage under the Florida state minimum wage despite suing for damages under the FLSA. *See* (Doc. 20, ¶ 17). The undersigned thus conducts its own calculation of Mr. Ovalle's unpaid minimum wages.

[5] $7.25 (minimum wage) x 120 (non-overtime hours) = $870.00 (unpaid minimum wage)

November 13, 2021 and December 2, 2021.

**B.     Overtime Compensation**

With limited exceptions not applicable here, the FLSA provides that an employee engaged in interstate commerce must be paid overtime wages of one and one-half times the regular rate of pay for hours worked over forty hours per week. 29 U.S.C. § 207(a)(2); *see Moser v. Action Towing Inc of Tampa*, No. 8:16-cv-420-T-35JSS, 2017 WL 10276702, at *2 (M.D. Fla. Feb. 6, 2017) ("[W]hether an exemption applies is not at issue in this case due to Defendant's default because the burden is on an employer seeking the exemption to prove that the employee falls within the exemption.").

To establish a claim for unpaid overtime wages under the FLSA, the plaintiff must demonstrate that (1) the defendants employed the plaintiff; (2) the defendants were an enterprise engaged in interstate commerce; (3) the plaintiff worked over 40 hours per week; and (4) the defendants failed to pay the plaintiff overtime wages. 29 U.S.C. § 207(a); *Morgan v. Fam. Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008); *Sanchez v. Grundy Pizza, Inc.*, No. 6:16-cv-596-ORL-31GJK, 2017 WL 693348, at *3 (M.D. Fla. Feb. 2, 2017).

Lion Pavers paid Mr. Ovalle $200 a day from July 20, 2021, to December 2, 2021. (Doc. 1, ¶ 32). Mr. Ovalle's regular hourly wage during that period,

for purposes of calculating overtime, was therefore $25.00.[6] He worked twenty-five hours overtime each week for nineteen weeks from July 20, 2021, to December 2, 2021. (*Id.*). Mr. Ovalle may therefore recover $8,437.50[7] in unpaid overtime from July 20, 2021, to December 2, 2021.

### C. Retaliatory Discharge

Section 215(a)(3) of the FLSA protects individuals from retaliation for asserting their rights under the FLSA. To successfully plead a claim for retaliation under Section 215, a plaintiff must allege: (1) he engaged in an activity protected by the FLSA; (2) he suffered an adverse action from the employer; and (3) a causal connection between the protected activity and the adverse action. *Wolf v. Coca-Cola Co.*, 200 F.3d 1337, 1342 (11th Cir. 2000). If an employer violates Section 215 the employer is "liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) [of the FLSA], including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional

---

[6] Mr. Ovalle's motion erroneously includes Mr. Ovalle's overtime hours in his calculations of his hourly wage rate and total overtime calculations. *See* (Doc. 20, ¶15–16). The undersigned thus conducts its own calculation of Mr. Ovalle's overtime wages.

[7] 25 (weekly overtime hours) x 19 (weeks worked) = 225 (total overtime hours worked)

$25.00 (regular wage for purposes of calculating overtime) x 1.5 = $37.50 (overtime wage)

225 (overtime hours worked) x $37.50 (overtime wage) = $8,437.50 (unpaid overtime)

equal amount as liquidated damages." *See Gonzalez v. Rockwater Dev., LLC*, No. 6:20-cv-270-Orl-41EJK, 2021 WL 2929796, at *6 (M.D. Fla. Feb. 3, 2021), *report and recommendation adopted*, 2021 WL 2929798 (M.D. Fla. Mar. 1, 2021).

Mr. Ovalle's complaint alleges he raised complaints to Lion Pavers regarding their failure to compensate him on November 20, 2021, November 27, 2021 and December 2, 2021. (Doc. 1, ¶ 85–88). Mr. Ovalle's complaint further alleges he was fired on December 2, 2021 "because he was complaining about unpaid wages." (*Id.* at ¶ 88). These allegations establish Mr. Ovalle's complaints to the employer were protected activity under the FLSA and his discharge was an adverse employment action. *Mercedes v. HZ & J Services, LLC*, No. 6:20-cv-565-Orl-PGB-DCI, 2021 WL 1830973, at *6 (M.D. Fla. Jan. 27, 2021) (*citing Payne v. Sec. & Crime Prevention Serv., Inc.*, No. 12-cv-22032-PAS, 2013 WL 5446466, at *4 (S.D. Fla. Sept. 30, 2013)). Additionally, the "close temporal proximity between the time the employer learned of the protected activity and the time of the adverse employment action" establishes the causal connection necessary to support a claim of retaliation. *Id.*

In his affidavit, Mr. Ovalle states he was unable to find new employment after his firing by Lion Pavers for four weeks. (Doc. 20, Ex. 1, ¶ 22). Mr. Ovalle states his now job now pays him $800 weekly. (*Id.* at ¶ 23). Mr. Ovalle is thus

7

entitled to $24,800[8] in lost wages and an equal amount in liquidated damages.

### D. Liquidated Damages

An employer who violates Sections 206 (minimum-wage provision) or 207 (overtime provision) of the FLSA, must also pay the employee "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). If an employer fails to show it acted in good faith when it failed to comply with Sections 206 or 207, then the court must award liquidated damages. *Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987) (citation omitted).

Mr. Ovalle's complaint alleges Lion Pavers acted willfully and intentionally when it failed to comply with Sections 206 and 207 of the FLSA. (Doc. 1, ¶ 44, 58). A defendant who defaults admits well-pleaded allegations in the complaint. *Buchanan*, 820 F.2d 359 at 361 (citation omitted). By defaulting, Lion Pavers admits it failed to act in good faith; therefore, Mr. Ovalle may recover liquidated damages. Thus, an award of FLSA overtime

---

[8] $200.00 (daily wage) x 7 (days worked a week) x 4 (unemployed weeks) = $5,600.00 (in unpaid wages)

$1,400.00 (weekly pay at Lion Pavers) - $800.00 (weekly pay at new job) = $600.00 (difference in weekly pay)

$600.00 (difference in weekly pay) x 32 (weeks Mr. Ovalle worked new job) = $19,200.00 (lost difference in pay)

$5,600.00 (in lost wages) + $19,200.00 (lost difference in pay) = $24,800.00 (lost wages)

8

wages and liquidated damages should be awarded for Mr. Ovalle and against the defendants for $18,615.00 (($8,437.50 + $870.00) x 2).

### E. Judgment for Attorney's Fees

The entry of a default judgment entitles a plaintiff to reasonable attorney's fees and costs under the FLSA. *See Dionne v. Floormasters Enters., Inc.*, 667 F.3d 1199, 1205 (11th Cir. 2012). Mr. Ovalle's attorney, Zandro Palma, states he expended twelve hours in litigating Mr. Ovalle's claims at an hourly rate of $400.00. (Doc. 20, Ex. B, ¶ 12). Attorney Palma also attests he accrued $577.00 in costs in litigating Mr. Ovalle's claims. (*Id.* at ¶ 17). The undersigned recommends the court find that Mr. Ovalle is entitled to reimbursement of his reasonable attorney's fees and costs of $5,377.00 as the prevailing party in this FLSA action against the defendants.

## IV.  CONCLUSION

It is respectfully **RECOMMENDED** that Mr. Ware's Motion for Default Judgment (Doc. 20) be **GRANTED in part** as follows:

(1) Under the FLSA, overtime wages in the amount of $8,437.50 and liquidated damages for overtime wages in the amount of $8,437.50 be awarded for Mr. Ware and against the defendants for a total of **$16,875.00 for Count I**.

(2) Under the FLSA, unpaid minimum wages in the amount of $870.00 and liquidates damages for unpaid minimum wages in the

9

amount of $870.00 be awarded for Mr. Ware and against the defendants for a total of **$1,740.00 for Count II**.

(3)   Under the FLSA, lost wages in the amount of $24,800.00 and liquidates damages for lost wages in the amount of $24,800.00 be awarded for Mr. Ware and against the defendants for a total of **$49,600.00 for Count III**.

(4)   Mr. Ovalle is entitled to attorney's fees and taxable costs against the defendants in an amount of **$5,377.00**.

**ENTERED** in Tampa, Florida on September 16, 2022.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

### NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely under 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.